IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAMILLE CUTRIGHT,<br><br>          Plaintiff,<br>v.<br><br>GEICO CASUALTY COMPANY, a foreign corporation, DANIEL PEREZ, and CLAIRE JOHNSON,<br><br>          Defendants. | **ORDER**<br><br>Case No. 2:17-cv-01070<br><br>District Judge Dale A. Kimball |

This matter is before the court on GEICO Casualty Company, Daniel Perez, and Claire Johnson's (collectively "Defendants") Motion to Bifurcate Causes of Action and Stay Discovery. Based on the briefing filed by the parties and the law and facts relevant to the pending motion, the court issues the following Order DENYING the Defendants' Motion in its entirety. (Dkt. No. 19).

**DISCUSSION**

The Defendants seek to: (1) bifurcate the Plaintiff's breach of contract and bad faith claims; and (2) stay discovery on the Plaintiff's bad faith and tort claims pending a decision on the motions for summary judgment. Prior to this motion, the Defendants filed two motions for summary judgment. The motions for summary judgment are not yet fully briefed. At issue in the motions for summary judgment are the breach of contract, bad faith, and tort claims. The Defendants argue that the bad faith claim will only remain if the court determines that the parties entered into a contract. Therefore, the Defendants seek an order to stay discovery on the contract and also the tort claims until the motions for summary judgment have been decided.

1. <u>The Court Denies to Bifurcate this Case.</u>

Defendants move to bifurcate Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims for both discovery and trial. "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). A trial court has broad discretion in determining whether to bifurcate a trial or discovery. *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir. 1985). The moving party bears the burden of persuading the court to exercise its discretion. *F & G Scrolling Mouse L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999).

"[T]here are no set guidelines delineating when ordering a separate trial is proper." *Hadi v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2259298, at *1 (S.D. Ohio Aug. 3, 2007). "Generally, courts have adopted a case-by case method depending on the facts of the individual case." *Id.* Courts have recognized that "[i]n deciding whether to bifurcate a trial, a court should consider the following factors: (1) judicial economy; (2) convenience to the parties; (3) expedition; and (4) avoidance of prejudice and confusion." *Ecrix Corp. v. Exabyte Corp.*, 191 F.R.D. 611, 613 (D. Colo. 2000).

This court has previously recognized that "the presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses. The burden is on the defendant . . . to convince the court 'that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties.'" *Patten v. Lederle Laboratories*, 676 F. Supp. 233 (D. Utah 1987) (citation omitted); *see also Trujillo v. American Family Mut. Ins. Co.*, 2009 WL 440638, at *2 (D. Utah Feb. 20, 2009). "In deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration is directed toward the

choice most likely to result in a just final disposition of the litigation." *Hoffman v. Merrell Dow Pharmaceuticals*, 857 F.2d 290, 307 (6th Cir. 1988).

The Defendants argue that bifurcating and having separate trials for the breach of contract and the bad faith claim prevent confusion, increase efficiency, and avoid prejudice.

*(i)      Confusion*

Although the breach of contract and the bad faith claim require different elements, such as a finding of bad faith is irrelevant to the contract claim, the Defendants have not met their burden of showing that bifurcation is warranted. The fact that a case involves multiple causes of action is not enough to show confusion. The fact finder will be instructed on the elements of each cause of action. Juries are frequently tasked with making determinations on multiple claims in one trial. The court finds that the risk of confusion is low.

*(ii)     Prejudice*

The Defendant asserts that even if it is found that the parties entered into a contract, the bad faith claim can still fail. If there was a contract then the Defendant will likely raise the fairly debatable defense at trial allowing no liability on the bad faith claim if there is a debatable reason for not complying with the contract. The Defendant argues that evidence of the fairly debatable defense could taint the jury's view of the contract claim and would therefore be unfairly prejudicial. Based on the party's briefings, the court finds that any prejudice caused by the fairly debatable defense is minor in comparison to the lack of efficiency in conducting separate trials.

*(iii)    Efficiency*

The Defendants argue that bifurcation will reduce the cost of trial. The court disagrees. Conducting multiple trials will likely only increase the expense. The causes of actions are related

to the same dispute and will be better resolved in one trial. The court therefore denies to bifurcate the case by holding separate trials.

2. The Court Denies to Stay the Bad Faith and Tort Claims.

The Defendants also seek an order to stay discovery on the bad faith and tort claims pending the court's ruling on the motions for summary judgment. As to the bad faith claim, the Defendants argue that the claim cannot survive if it is determined that no contract exists. Specifically, the Defendants argue that there is no contract between GEICO and the Plaintiff because the Uninsured Motorist claim did not trigger coverage under the Policy. Further, the Defendants argue that there is no privity of contract between the Plaintiff and Defendants Perez and Johnson. The Defendants seek the stay in order to reduce the expense of discovery if the claims ultimately fail.

The Utah Supreme Court addressed whether a party must prove a breach of the express terms of an insurance contract before she may proceed with discovery on a bad faith claim. *Christiansen v. Farmers Ins. Exchange*, 116 P.3d 259 (Utah 2005). In discussing precluding discovery on a bad faith claim while the breach of contract claim was still pending, the *Christiansen* court stated that "the claims of breach of express contract and bad faith are premised on distinct duties that give rise to divergent and severable causes of action." *Id.* at 261-62. Otherwise, the court stated "the result of such a holding, however, would be to leave an insured who is ultimately found not to be entitled to payment under the contract, but with whom the insurer refused to bargain and to settle in good faith, without recourse for the breach of the implied covenant of good faith and fair dealing. Such a result is contrary to *Beck*, where we held that the obligations to bargain or settle in good faith 'are the essence of what the insured has bargained and paid for." *Id.* The court recognized that "[i]f we were to condition discovery in

litigation of a bad faith claim on violation of the express terms of the contract, the insurer could escape liability by ultimately paying the claim, regardless of any wrongful delays or obstructions that may have occurred in the process." *Id.* The court concluded that "a showing of breach of express contract is not a condition precedent to an insured seeking discovery in connection with his ongoing litigation of a bad faith claim." *Id.* at 263.

Based on the reasoning in *Christiansen*, the court finds no basis for bifurcating discovery of Plaintiff's contract and bad faith claims as they relate to GEICO. "Joint discovery is more convenient for the parties and would further judicial economy. With joint discovery, the parties will be better informed with regard to settlement efforts." *Drennan v. Maryland Casualty Co.,* 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005). Accordingly, the Defendants motion to bifurcate discovery on the contract and bad faith claims is denied.

Likewise, the Defendants motion to stay discovery on the tort claim and contract claim in relation to Perez and Johnson is also denied because the Defendant has not met their burden of showing why a stay is necessary other than arguing that they don't think the claims will survive the motion for summary judgment. To find that a stay is warranted based on the claims lacking merit the court would have to prejudge the merits of the motions for summary judgment, which are not yet fully briefed. The court will decide the validity of these claims in the motions for summary judgment.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Bifurcate Causes of Action and Stay Discovery is DENIED in its entirety. (Dkt. No. 19).

Dated this 28th day of February, 2018.

BY THE COURT:

_DALE A. KIMBALL_ (signature)

DALE A. KIMBALL,
United States District Judge